# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

MALIK ALLAH-U-AKBAR,

    Plaintiff,

v.                                Civil Action 2:19-cv-3589
                                  Judge Algenon L. Marbley
                                  Magistrate Judge Chelsey M. Vascura

STATE OF OHIO, *et al.*,

    Defendants.

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, an inmate at Chillicothe Correctional Institution ("CCI") in Ross County, Ohio, brings this civil rights action under 42 U.S.C. §§ 1983, 1985(3), and 12131 *et seq.* against the State of Ohio and the Ohio Department of Rehabilitation & Corrections ("ODRC"), along with various CCI employees, alleging that he has been placed in restrictive housing and disciplined due to discrimination on the basis of his disabilities and religion. This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); see also *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** this action without prejudice pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF No. 1.) Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1).

Plaintiff's certified trust fund statement reveals that he currently has less than $14 in his prison account. Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts at CCI is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## I.

According to the Complaint, Defendants discriminated against Plaintiff on the basis of his asthma in violation of the Fourteenth Amendment and the Americans with Disabilities Act, 42 USC §§ 12131 *et seq.*, by spraying pesticide in Plaintiff's cell "despite its known toxic effects to Plaintiff's asthma and endocrine system." (Compl. ¶ 2, ECF No. 1.) As a result of refusing to exit his cell to allow it to be sprayed, Plaintiff alleges he has received discipline such as conduct reports and placement in solitary confinement. (*Id.* ¶ 45.) Plaintiff also states he has been placed in "restrictive housing" as discipline for maintaining a curtain across the bottom half of his cell door, which he maintains is necessary to alleviate his post-traumatic stress disorder ("PTSD") symptoms he suffers when he feels he is being watched, and necessary to maintain modesty according to his religious beliefs. (*Id.* ¶¶ 58–74.) Further, he alleges that he was denied access to the law library and his legal materials on the basis of his disabilities. (*Id.* ¶ 150.) Plaintiff also alleges that Defendants have refused to address him by his religiously-adopted name of Malik Allah-U-Akbar, thereby discriminating against him on the basis of religion and violating his Free Exercise rights under the First Amendment. (*Id.* ¶¶ 203–36.) He alleges these actions are discriminatory on the basis of his disability and religion, and that various defendants conspired to discriminate against him and deprive him of his constitutional rights. (*Id.* ¶ 74, 98, 186.) Plaintiff seeks declaratory and injunctive relief as well as compensatory and punitive damages. (*Id.* ¶¶ 289–312.)

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,'

4

. . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### III.

Before commencing an action under 42 U.S.C. § 1983 or any other federal law, prisoners are required to exhaust administrative remedies by the the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA"). As the Sixth Circuit Court of Appeals has explained:

> The Prison Litigation Reform Act requires state prisoners to follow and exhaust all applicable state grievance procedures before filing suit in federal court. *See* 42 U.S.C. 1997e(a); *Woodford v. Ngo*, 548 U.S. 82, 90 [ ] (2006). This requirement is not jurisdictional; rather, exhaustion is an affirmative defense that must be pleaded and proved by the defendants. *Jones* [*v. Bock*], 549 U.S. [199,] 212 [(2007)]. When the defendants in prisoner civil rights litigation move for summary judgment on administrative exhaustion grounds, they must prove that no reasonable jury could find that the plaintiff exhausted his administrative remedies. *Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012).
>
> There is no uniform federal exhaustion standard. A prisoner exhausts his remedies when he complies with the grievance procedures put forward by his correctional institution. *Jones*, 549 U.S. at 217-19[ ]. "This court requires an inmate to make 'affirmative efforts to comply with the administrative procedures,' and analyzes whether 'those efforts to exhaust were sufficient under the circumstances.'" *Risher* [*v. Lappin*], 639 F.3d [236,] 240 [(6th Cir. 2011)] (quoting *Napier v Laurel Cty.*, 636 F.3d 218, 224 (6th Cir. 2011)).

*Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017).

The purpose of the exhaustion requirement "'is to allow prison officials 'a fair opportunity' to address grievances on the merits, to correct prison errors that can and should be corrected and to create an administrative record for those disputes that eventually end up in court.'" *Id.* at 591 (quoting *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010)).

In Ohio, the inmate grievance procedures are set forth in Ohio Administrative Code § 5120–9–31. This regulation creates a three-step process governing requests by inmates for relief "regarding any aspect of institutional life that directly and personally affects the [inmate]." O.A.C. § 5120-9-31(A), (J). The first step requires an inmate to "file an informal complaint to the direct supervisor of the staff member, or department most directly responsible for the particular subject matter of the complaint." O.A.C. § 5120-9-31(J)(1). If the inmate is dissatisfied with the result, he may file a formal grievance with the inspector of institutional services at his institution. O.A.C. § 5120-9-31(J)(2). If an inmate remains dissatisfied, he may file an appeal to the office of the chief inspector. O.A.C. § 5120-9-31(J)(3). An inmate has not exhausted his remedies under § 5120-9-31 until he has received a decision on his appeal to the

office of the chief inspector. *Younker v. Ohio State Univ. Med. Ctr.*, No. 2:11-cv-00749, 2013 WL 3222902, at *4 (S.D. Ohio June 25, 2013).

The PLRA's exhaustion requirement is an affirmative defense, and generally, a plaintiff need not plead sufficient facts to demonstrate exhaustion to survive a screen under § 1915A. *Jones v. Bock*, 549 U.S. 199, 216 (2007). However, "[a] complaint is subject to dismissal for failure to state claim if the allegations, taken as true, . . . show that relief is barred by an affirmative defense." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017) (quoting *Jones*, 549 U.S. at 215) (internal alterations omitted). Here, Plaintiff's Complaint establishes on its face that he failed to comply with the PLRA's exhaustion requirement. Plaintiff states that CCI policy requires all grievances to be submitted using a Jpay kiosk, and that he is "blocked" by Jpay from submitting a grievance because he would not consent to the kiosk's terms of service. (Compl. ¶ 276, ECF No. 1-1.) As a result, he did not attempt to participate in any of the three steps of the grievance process for any of his claims. (*Id.*) Consequently, the undersigned **RECOMMENDS** that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** for failure to properly exhaust his administrative remedies. *See Boyd v. Corrs. Corp. of Am.*, 380 F.3d 989, 994 (6th Cir. 2006) (citing *Knuckles El v. Toombs*, 215 F.3d 640 (6th Cir. 2000)) ("A dismissal under § 1997e should be without prejudice.").

**IV.**

For the reasons set forth above, Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) (ECF No. 1) is **GRANTED**. In addition, it is **RECOMMENDED** that the Court **DISMISS** this action **WITHOUT PREJUDICE** pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE