**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **MALIK ALLAH-U-AKBAR,** | : |
| | : Case No. 2:19-CV-3589 |
| **Plaintiff,** | : |
| | : CHIEF JUDGE ALGENON L. MARBLEY |
| v. | : |
| | : Magistrate Judge Vascura |
| **STATE OF OHIO, ET AL.,** | : |
| | : |
| **Defendant.** | : |

**OPINION & ORDER**

This matter is before the Court on Magistrate Judge Vascura's September 4, 2019 Report and Recommendation recommending the Court dismiss Plaintiff's Complaint without prejudice due to Plaintiff's failure to exhaust his administrative remedies. (ECF No. 5). On September 19, 2019, Plaintiff filed an Objection. (ECF No. 8). For the following reasons, the Court **OVERRULES** the Objection and **ADOPTS** the Magistrate Judge's Report and Recommendation. Plaintiff's Complaint and Amended Complaint are hereby **DISMISSED without prejudice.**

**I.     Background**

Plaintiff is an inmate at Chillicothe Correctional Institution ("CCI") in Ross County, Ohio. (ECF No. 4 at ¶ 5). Plaintiff brings this action under 42 U.S.C. §§ 1983, 1985(3), and 12131 *et seq.* against the State of Ohio and the Ohio Department of Rehabilitation & Corrections ("ODRC"), along with various CCI employees, alleging multiple acts of discrimination that include: holding Plaintiff—who has PTSD—in restrictive housing for more than 29 days, in violation of 55-SPC-02, page 3 (*Id.* at ¶ 24); aggravating Plaintiff's asthma by refusing to issue him an exemption from his cell being sprayed with pesticide, and issuing Plaintiff numerous tickets for refusing to allow pesticide spray in his cell (*Id.* at ¶¶ 35, 36); removing cell covering which

Plaintiff had for mental comfort due to his PTSD (*Id.* at ¶¶ 68-69); denying Plaintiff access to the legal materials and legal services of the CCI provided law library (*Id.* at ¶¶ 73-75); disregarding Plaintiff's diagnosed sensitivity to light—from his TBI/head injury which he is prescribed tinted eyeglasses—by removing the towel on the back window of his cell that he used to block excess light (*Id.* at ¶¶ 179-182); requiring Plaintiff, in an extremely cold cell block, to wear a "Ferguson" gown and blanket—and then he was forced to give that up in exchange for one jump suit and one blanket—although staff and other prisoners walked around wearing layers of clothing including hooded sweatshirts (*Id.* at ¶¶ 188-190); calling Plaintiff by the name "Jones," even though Plaintiff informed the guards that it is a racist slave name (*Id.* at ¶¶ 204-209); banning Plaintiff from practicing Islam during the holy month of Ramadan (*Id.* at ¶¶ 266-268); and confiscating and destroying Plaintiff's Allah hat (*Id.* at ¶ 196).

Plaintiff's Complaint alleged that he was incapable of exhausting administrative remedies because "CCI refused to issue informal complaints or grievances to the Plaintiff on paper, and they are available only through Jpay kiosk" and he was "blocked by Jpay from accessing any functions on the Jpay kiosk, since July of 2018, because Plaintiff does not 'agree' to waive [h]is Constitutional right to sue Jpay." (ECF No. 4 at ¶ 276; ECF No. 10 at ¶ 342). Defendant alleges CCI staff refused to accept any informal complaints submitted on paper. (ECF No. 4 at ¶¶ 43, 160, 161, 170, 171). On December 12, 2017 Plaintiff was informed by Corby Free (CCI's Institutional Inspector), in writing, that "all grievances are now submitted using the Jpay kiosk."  (ECF No. 10 at ¶ 340).  Plaintiff argues that he is effectively "blocked" from using the Jpay kiosk because "[h]e does not 'agree' to waive [h]is Constitutional right to sue per their 'terms of service.'" (ECF No. 4 at ¶ 276).

The Magistrate Judge determined that Plaintiff's refusal to use the Jpay kiosk meant that he failed to exhaust the three-step grievance process for his claims. (ECF No. 5 at 7). Accordingly, on September 4, 2019, by issuance of the Order and Report the Magistrate Judge recommended that Plaintiff's claims be dismissed without prejudice for failure to properly exhaust his administrative remedies. (*Id.*). On September 19, 2019, Plaintiff filed an Objection to the Report and Recommendation, arguing that all administrative remedies were exhausted because the Report and Recommendation presumed administrative remedies are available to Plaintiff when they are not. (ECF No. 8 at 5). On October 2, 2019, Plaintiff filed an Amended complaint. (ECF No. 10).

## II. Standard of Review

In order to bring a claim under 42 U.S.C. § 1983, prisoners must exhaust administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA"). The PLRA requires state prisoners to follow and exhaust all applicable state grievance procedures before filing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 91 (2006). In Ohio, the inmate grievance procedures are set forth in Ohio Administrative Code § 5120-9-31. This regulation outlines a three-step process governing requests by inmates for relief. The first step requires an inmate to "file an informal complaint to the direct supervisor of the staff member, or department most directly responsible for the particular subject matter of the complaint." O.A.C. § 5120-9-31(J)(1). Second, if the inmate is dissatisfied with the result, they may file a formal grievance with the Inspector of Institutional Services at his intuition. O.A.C. § 5120-9-31(J)(2). Third, if the inmate remains dissatisfied, they may file an appeal to the office of the Chief Inspector. O.A.C. § 5120-9-31(J)(3). An inmate has not exhausted their remedies under § 5120-9-31 until they have received a decision on appeal to the office of the Chief Inspector. *Younker v. Ohio State Univ. Med. Ctr.*, No. 2:11-cv-00749, 2013 U.S. Dist. LEXIS 88963, at *12 (S.D. Ohio June 25, 2013).

### III.    Law & Analysis

The PLRA attempts to eliminate unwarranted federal court interference with the administration of prisons. *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006). Thus, the PLRA seeks to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. *Porter v. Nussle*, 534 U.S. 516, 625 (2002). "The text of 42 U.S.C. § 1997(e) strongly suggests that the PLRA uses the term 'exhausted' to mean what the term means in administrative law, where exhaustion means proper exhaustion." *Woodford*, 548 U.S. at 93. Proper exhaustion requires a prisoner to "complete the administrative review process in accordance with the applicable procedural rules", which are not defined "by the PLRA, but by the prison grievance process itself." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015).

#### A.  *Exhaustion Requirement*

A prisoner may not initiate an action under the PLRA until all available administrative remedies are exhausted. *Napier v. Laurel Cnty.*, 636 F.3d 218, 222 (6th Cir. 2011) (holding that where Plaintiff failed to take steps in accordance with the administrative procedure and failed to show the procedures were unavailable to him, he had not fulfilled the exhaustion requirement). The exhaustion requirement is "a strong one" and "is required even if the prisoner subjectively believes that the remedy is not available." *Id.* There are narrow exceptions to exhaustion, such as where the administrative procedures are unavailable to him, but prisoners "must make some affirmative efforts to comply with the administrative procedure." *Brock v. Kenton Cnty.*, 93 F. App'x 793, 798 (6th Cir. 2004). "[A] prisoner's claim is not exhausted where he has not received a merits-based response at each step of the grievance process." *Swank v. Hale*, No. 2:12-cv-1031, 2016 U.S. Dist. LEXIS 38706, at *21 (S.D. Ohio Mar. 24, 2016) (holding that a prison's mere review of a grievance is not a merits-based response sufficient to meet the exhaustion requirement).

Here, Plaintiff was informed in writing on December 12, 2017 that "[a]ll grievances are now submitted using the Jpay kiosk." (*Id.* at ¶ 340). Plaintiff was again directed in writing on December 21, 2017 that, "[y]ou must submit your Informal Complaint Resolution online." (*Id.* at ¶ 341). Plaintiff alleges that ODRC refused to accept informal complaints and grievances submitted on paper, rather than via the Jpay kiosk as required by the administrative procedures. (ECF No. 10 at ¶ 338-339). Based on the facts alleged in the complaint, Plaintiff has been instructed on CCI's grievance process, which requires him to file his grievance via the Jpay kiosk, but Plaintiff has failed to comply with or make affirmative efforts to comply with the administrative procedures. Like *Swank*, Plaintiff has not yet received a merits-based response to his grievance, because he has not yet followed the procedure to file a grievance. Neither the complaint nor the amended complaint contain allegations that Plaintiff was denied access to file a grievance at the Jpay kiosk, but rather Plaintiff did not file a grievance because he would not agree to Jpay's waiver in order to use the kiosk. (ECF. No. 10 at ¶ 342).

### B. When Exhaustion is Unavailable

The duty of an inmate to exhaust administrative remedies is "mandatory and without exception." *Salem v. Mich. Dep't of Corr.*, No. 13-cv-14567, 2019 U.S. Dist. LEXIS 157460, at *48 (E.D. Mich. Sep. 16, 2019). The exhaustion requirement is limited only in that the remedies must be actually available to the inmate. *Id.* The Supreme Court of the United States has identified three circumstances in which an administrative remedy is unavailable, which include:

> (1) "when (despite what regulations or guidance materials promise) it operates as a simple dead end — with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use"; and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."

*Id.* at \*48–49 (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1853–54 (2016)). Remedies are unavailable if a Plaintiff shows that they were ineffective, unobtainable, unduly prolonged, or obviously futile. *Lee v. Freeman*, No 16-14162, 2017 U.S. Dist. LEXIS 153148, at \*14–15, (E.D. Mich. Aug. 25, 2017).

     Here, Plaintiff's complaint and amended complaint have not alleged facts sufficient to show that Plaintiff falls within one of the three exceptions to the exhaustion requirement as outlined by the Supreme Court. Plaintiff has not alleged that the Jpay kiosk grievance procedure is a simple dead end with officers consistently unwilling to provide any relief, but rather Plaintiff has not followed the procedure to file a grievance. Furthermore, since Plaintiff has not filed a complaint using the Jpay kiosk it is unascertainable if the administrative procedure is incapable of use. Finally, Plaintiff has failed sufficiently to allege that prison administrators attempted to thwart his efforts to file a grievance using the Jpay kiosk through machination, misrepresentation, or intimidation, but rather alleges conclusively that he is unable to file a grievance via the Jpay kiosk because he does not agree to the terms of service. Plaintiff has not alleged with specificity facts explaining why the Jpay waiver is unconstitutional and has only made vague and conclusory statements, such as ""[h]e does not 'agree' to waive [h]is Constitutional right to sue per their 'terms of service.'" (ECF No. 4 at ¶ 276).

     Outside of the narrow exceptions to exhaustion, namely, where remedies are unavailable, Courts have also recognized that an inmate has sufficiently exhausted available administrative remedies when a prison obstructs their ability to file grievances. *See Albino v. Baca*, 747 F.3d 1162, 1181 (9th Cir. 2014), *cert. denied*, 574 U.S. 968, 968 (2014) (holding that deputies' failure to provide the manual detailing the procedure for complaints to inmate and failure to offer inmate the option to write a complaint on an ordinary piece of paper and turn it in to them evidenced that

there was not an available administrative remedy that inmate could have exhausted). Unlike *Albino*, where the inmate was not aware of the grievance process and attempted to file a complaint on paper and was denied the ability to file any grievance, Plaintiff was instructed on how to file a grievance and was directed to use the Jpay kiosk. *Albino v. Baca*, 747 F.3d 1162, 1177 (9th Cir. 2014). Plaintiff has not alleged that he was unaware of or not instructed on how to file a grievance and in fact was instructed to file a grievance via the Jpay kiosk, therefore Plaintiff has not been denied an available administrative procedure.

Additionally, although the exceptions to the exhaustion requirement are narrow, prisoners are not responsible for failure to exhaust administrative remedies when faced with retaliation from prison officials in response to filing complaints. "Retaliation, or the threat of retaliation, for the use of the inmate grievance procedure is strictly prohibited." OAC Ann. 5120-9-31(G). Accordingly, when retaliation results in physical harm, an inmate has exhausted all available remedies. *See LaFountain v. Martin*, 334 F. App'x. 738, 741 (6th Cir. 2009) (holding that a prisoner did not fail to exhaust his administrative remedies when officers retaliated against him for filing grievances; they labeled the prisoner a snitch and sexual predator which incentivized other inmates to attack him). Here, neither the complaint nor the amended complaint alleges the mistreatment by prison officials was motivated by Plaintiff's attempt to file an informal complaint.

The Court finds that because Plaintiff has not yet filed a complaint by following the procedure outlined in in Ohio Administrative Code § 5120-9-31 via the Jpay kiosk and thus has not yet received a merits-based decision on his grievance, he has failed to exhaust his administrative remedies. Neither the complaint nor the amended complaint contain sufficient allegations demonstrating the unconstitutionality of the waiver, that the Plaintiff was prevented from filing a complaint, or retaliated against for attempting to file a complaint.

Therefore, the Court **OVERRULES** the Objection and **ADOPTS** the Magistrate Judge's Report and Recommendation. Plaintiff's Complaint and Amended Complaint are hereby **DISMISSED without prejudice.**

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  November 3, 2020**